# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NEDRICK JEFFREY HARDY, SR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv−1354−NJR |
| | ) |
| **BRUCE RAUNER,** | ) |
| **ILLINOIS DEPT. OF CORRECTIONS,** | ) |
| **JOHN BALDWIN, KIMBERLY BUTLER,** | ) |
| **LASHBROOK, J. TROST,** | ) |
| **SIDDIQI, ASSELMEIER,** | ) |
| **NEWBOLD, RITZ,** | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| A. **WILLIAMS, AIMEE LANG,** | ) |
| **STINSON, LOUIS SHICKER,** | ) |
| **MELVIN HINTON, JOHN DOE 1,** | ) |
| **JOHN DOE 2, and** | ) |
| **\SALVADOR GODINEZ,** | ) |
| | ) |
| Defendants. | ) |

# <u>ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff seeks issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than fourteen days. (Doc. 2). A TRO may issue without notice:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b). Without expressing any opinion on the merits of any of Plaintiff's claims for relief, the Court concludes that a TRO should not issue at this time. Plaintiff has filed a 102-page Complaint alleging at least thirteen separate claims. He seeks a TRO only on a single claim

—his allegations related to overcrowding and/or that his cell size is too small. Plaintiff argues that he is entitled to a TRO because an injunction has been granted over similar allegations in Case No. *Turley v. Uchtman*, 08-cv-0007-SCW. Plaintiff is incorrect; the request for permanent injunctive relief in that case remains pending. The anticipation of injunctive relief in another case is not grounds for a TRO. Plaintiff also has not provided any reason why notice should not be required. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.

Moreover, federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995); *Rizzo v. Goode*, 423 U.S. 362, 379 (1976) (noting that where a plaintiff requests an award of remedial relief that would require a federal court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of [such] relief.").

For these reasons, Plaintiff's Motion for Preliminary Injunction and/or Motion for Temporary Restraining Order is **DENIED**. Plaintiff's request for a preliminary injunction remains pending and will be addressed in due course.

**IT IS SO ORDERED.**

**DATED:  January 4, 2018**

                                                                                    _____
                                                                                    **NANCY J. ROSENSTENGEL**
                                                                                    **United States District Judge**