IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEDRICK HARDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-1354-NJR-DGW |
| | ) |
| BRUCE RAUNER, JOHN BALDWIN, | ) |
| KIMBERLY BUTLER, and | ) |
| JACQUELINE LASHBROOK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on a Report and Recommendation entered by United States Magistrate Judge Donald G. Wilkerson on August 29, 2018 (Doc. 50) regarding Plaintiff Nedrick Hardy's three motions for injunctive relief (Docs. 2, 6, 29).

In the first motion, which was filed on December 14, 2017, Hardy stated that he was at risk of harm by being double-celled (Doc. 2). Magistrate Judge Wilkerson recommended denying this motion because "Plaintiff makes no statement that he would suffer any harm, let alone irreparable harm, that would require resolution prior to the conclusion of this matter on the merits" (Doc. 50, p. 4). Hardy did not file any objections to this recommendation (*see* Doc. 58). The undersigned has reviewed the Report and Recommendation and agrees with, and accordingly adopts, the findings of fact and conclusions of law pertaining to Hardy's first motion for injunctive relief. That motion is denied.

In the second motion for injunctive relief, which was filed on January 9, 2018, Hardy stated that he was at risk of harm due to the extreme cold temperatures in his cell house

during the winter months (Doc. 6). He stated that there was no heat or hot water, and he had no access to blankets or a coat (Doc. 6). He claimed these "extreme cold conditions" resulted in a "really bad cold that caused him to cough up dark green phlemh [sic] with blood in it" (Doc. 6). In the Report and Recommendation issued on August 29, 2018, Magistrate Judge Wilkerson noted that "[i]t is, of course, summer now and temperatures have been at least above freezing for a number of months" (Doc. 50, p. 2). Therefore he recommended denying Hardy's motion because it was "no longer urgent such that equitable relief should be granted" (Doc. 50, p. 4).

Hardy objects to this recommendation, arguing that the only reason his motion is no longer urgent is because Magistrate Judge Wilkerson waited eight months to address it (Doc. 58). Hardy further argues that winter will be here again in a few short months and he will be subjected to the same extremely cold temperatures inside Menard (Doc. 58).

Hardy's objections are overruled. While the delay in addressing his motion is regrettable, there was good reason for it. The undersigned determined that a temporary restraining order should not issue with respect to Hardy's allegations about the cold temperatures because they were unsupported by admissible evidence given that his complaint was unsworn and he did not include an affidavit with his motion (Doc. 8). Furthermore, Hardy had not yet paid the filing fee or moved to proceed *in forma pauperis* (Doc. 8). Hardy's request for a preliminary injunction remained pending, however, and he was advised that it would be addressed in due course (Doc. 8). That meant waiting for Defendants to be served and to file a response to his motion, which didn't occur until June 22, 2018 (Doc. 31). At that point, winter had passed, and there was no harm in Magistrate Judge Wilkerson waiting another two months to issue his Report and Recommendation.

Ordering preliminary injunctive relief right now would be premature because it is impossible to say whether Hardy will still be housed at Menard come winter. And even if he is, it is uncertain what cell house and cell he will be assigned to, whether cold temperatures will be an issue in his cell, and whether he will have access to blankets, a coat, or other alternative measures to protect himself from the cold. Accordingly, the undersigned adopts the Report and Recommendation (Doc. 50) pertaining to Hardy's second motion for injunctive relief (Doc. 6) and denies that motion.[1]

In his third motion for injunctive relief, which was filed on June 14, 2018, Hardy seeks an order directing prison officials to allow him to have "contact" visits with his lawyer and for those visits to be confidential (Doc. 29). Magistrate Judge Wilkerson recommended denying this motion because the relief sought is wholly unrelated to the underlying claims in this lawsuit (Doc. 50). More specifically, there is no claim for denial of access to the courts, and Hardy is not represented by counsel in this matter; therefore, his inability to communicate effectively with a lawyer cannot be related to this case (Doc. 50). Hardy objected, stating that he has requested leave to file an amended complaint "to fix deficiencies in . . . his claim for access to his lawyer" (Doc. 58, p. 7).[2] Hardy argues that Magistrate Judge Wilkerson should have determined if Hardy's amended claim survived screening under 28 U.S.C. § 1915A before evaluating whether injunctive relief related to that claim was warranted (*Id.*).

---

[1] In the event Hardy is indeed subjected to frigid indoor temperatures at Menard this winter, he can renew his motion for a TRO/preliminary injunction. To ensure his motion receives prompt attention, Hardy should submit a sworn affidavit with his motion, and that affidavit should be as specific and detailed as possible. For example, Hardy should address the severity of the cold temperatures; the duration of the cold temperatures (that is, did the temperatures last for days, weeks, months, etc.?); the availability of alternative means to protect himself from the cold (meaning what clothing and bedding did he have, was anything extra issued, etc.?); and the adequacy of such alternatives. *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997)

[2] Hardy's original complaint appeared to include a claim for denial of access to the courts, but it was dismissed on threshold review for failure to state a claim upon which relief could be granted (Doc. 16).

This objection is overruled. While Hardy attempted to include a claim for denial of access to the courts in his original complaint, that claim was dismissed on threshold review for failure to state a claim upon which relief could be granted (Doc. 16). Hardy apparently would like to revive this claim in his amended complaint, but his proposed amendment has not yet been evaluated by Magistrate Judge Wilkerson. As it currently stands, Hardy is not proceeding on a claim for denial of access to courts, and consequently, the alleged inability to communicate effectively with a lawyer is an issue wholly outside the claims currently pending in this action, which pertain only to Hardy's conditions of confinement (*see* Doc. 16).[3] The undersigned adopts the Report and Recommendation (Doc. 50) regarding Hardy's third motion for injunctive relief (Doc. 29) and denies that motion.

Magistrate Judge Donald G. Wilkerson's Report and Recommendation (Doc. 50) is **ADOPTED** in its entirety. Plaintiff Nedrick Hardy's motions for injunctive relief (Docs. 2, 6, 29) are **DENIED**.

**IT IS SO ORDERED.**

DATED: September 21, 2018

  
_____  
**NANCY J. ROSENSTENGEL**  
**United States District Judge**

---

[3] In the event Hardy is allowed to proceed on his amended claim for denial of access to the courts, he can then file another motion seeking injunctive relief related to that claim.