IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEDRICK JEFFREY HARDY, SR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-CV-1354-NJR-MAB |
| BRUCE RAUNER, JOHN BALDWIN, KIMBERLY BUTLER, and JACQUELINE LASHBROOK, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Nedrick Jeffrey Hardy, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, brings this action under 42 U.S.C. § 1983 (Doc. 1). He alleges the conditions at Menard constitute cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution (*Id.*).

The Court conducted a preliminary review of the *pro se* complaint, pursuant to 28 U.S.C. § 1915A, and permitted Hardy to proceed on the following claims: Defendants John Baldwin, Kimberly Butler, Jacqueline Lashbrook, and Bruce Rauner were deliberately indifferent to the overcrowded conditions of confinement at Menard, which caused Hardy to be double-celled in a cell designed for one inmate (Count I); Defendants Baldwin and Butler were deliberately indifferent to a situation where Hardy was placed in a cell with a violent inmate due to overcrowding (Count II); and unconstitutional

conditions of confinement due to unsanitary cells against Defendants Baldwin, Butler, Lashbrook, and Rauner (Count III). Hardy seeks both monetary and injunctive relief.

On August 6, 2018, Defendants Baldwin, Butler, Lashbrook, and Rauner filed a motion for partial judgment on the pleadings as to Count I (Doc. 43), and Hardy timely opposed the motion (Doc. 51). For the reasons set forth below, the motion is denied.

## DISCUSSION

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the plaintiff's complaint and the defendant's answer have been filed. FED. R. CIV. P. 12(c); *Moss v. Martin,* 473 F.3d 694, 698 (7th Cir. 2007). A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Lodholtz v. York Risk Service Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lodholtz*, 778 F.3d at 639 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). In making this determination, the court must construe all facts in the pleadings and draw all reasonable inferences in favor of the non-moving party. *Lodholtz*, 778 F.3d at 639. Judgment on the pleadings should be granted if the "facts are uncontested" and reveal that relief for the plaintiff is no longer plausible. *See Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012).

In Count I of the Complaint, Hardy alleges he was forced to live with another inmate in a cell designed for one person, which prevented him from exercising. Defendants argue this count should be dismissed based on qualified immunity. "Qualified immunity shields federal and state official from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 725 (2011). To be "clearly established," "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

Defendants contend there is no "clearly established" right to be free from double-celling. But Hardy certainly had a clearly established right to humane living conditions at the time of the alleged violations. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (holding that conditions of confinement violate the Eighth Amendment when they "deprive inmates of the minimal civilized measure of life's necessities."). Although double celling is not *per se* unconstitutional, the amount of space in a cell has some relevance when determining whether the totality of the conditions amount to a constitutional deprivation. *French v. Owens*, 777 F.2d 1250, 1253 (7th Cir. 1985).

Here, Hardy does not merely allege that the size of his cell was unconstitutional. *See Crenshaw v. Baldwin*, 2017 WL 3189500, at *5 (S.D. Ill. July 27, 2017) ("In this case, Count 1 is grounded in Plaintiff's claim that the size of his cell alone violates constitutional standards. Because this is not the law, Count 1 shall be dismissed."); *Brzowski v. Illinois*

*Dep't of Corr.*, 2015 WL 1228916, at *3 (S.D. Ill. Mar. 16, 2015) ("[Plaintiff] does not allege that he personally has suffered any physical or mental/emotional hardships as a result of the double-celling. Such generalized complaints are insufficient to state a cognizable claim."). Rather, Count I alleges Hardy was housed in an exceptionally small cell that deprived him of the ability to exercise, and resulted in arthritis, knee pain, back pain, headaches, and constipation. The Seventh Circuit has recognized Eighth Amendment claims for deprivation of exercise where the plaintiff was "restricted to his cell or unit for extended periods of time and had no room to exercise . . ." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996).

It is unclear from the pleadings whether Hardy's inability to exercise would amount to a constitutional violation, or whether a reasonable official would recognize a violation was occurring. But Hardy is not required to initially plead factual allegations that anticipate and overcome a defense of qualified immunity. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Accordingly, because Defendants' claims of immunity depend on the facts of the case and not the contents of the complaint, dismissal, at this stage, is inappropriate. *Id.* The Motion for Judgment on the Pleadings (Doc. 43) filed by Defendants Baldwin, Butler, Lashbrook, and Rauner is **DENIED**.

IT IS SO ORDERED.

DATED: March 13, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**